UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENESCO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SOUND N LIGHT ANIMATRONICS CO. LTD.<br><br>Defendant. | CIVIL ACTION NO.<br><br>COMPLAINT FOR PATENT AND TRADEMARK INFRINGEMENT<br><br>ECF CASE |

Plaintiff Enesco, LLC ("Plaintiff" or "Enesco"), through its undersigned counsel, complains and alleges against defendant Sound N Light Animatronics Co. Ltd. ("Sound N Light" or "Defendant") as follows:

**INTRODUCTION**

1.      Defendant, who has no affiliation with Plaintiff, has manufactured, distributed, marketed, promoted, sold, and offered for sale a line of plush teddy bear toys with articulating arms holding blankets (the "Infringing Products"). These Infringing Products violate Plaintiff's exclusive patent and trademark rights.

2.      This is an action for patent infringement in violation of 35 U.S.C. § 271, and for trademark infringement and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

3.      In this Complaint, Enesco seeks injunctive relief and damages arising from Defendant's deliberate infringement of Plaintiff's patent and trademark rights.

4.      Defendant's conduct has irreparably harmed Enesco, and, unless enjoined, will continue to injure both Enesco and the public.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 as it arises under the patent and trademark laws of the United States.

6.      This Court has personal jurisdiction over Defendant Sound N Light because on information and belief Defendant sold, offered for sale, distributed, and/or shipped the Infringing Products to retailers throughout the United States, including in this judicial district, and the Infringing Products were sold and offered for sale by Defendant's retailers in this judicial district.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (c)(3).

## THE PARTIES

8.      Enesco is a limited liability company organized under the laws of the State of Delaware, with a principal place of business of 225 Windsor Drive, Itasca, Illinois 60143.

9.      For more than a century, Gund, a Division of Enesco ("Gund"), has been a famous, industry-leading producer, designer, and marketer of plush toys, blankets, and accessories. Gund's products are displayed, promoted, sold, and offered for sale in this judicial district, throughout the United States, and around the world.

10.     Gund's principal place of business is located at One Runyons Lane, Edison, New Jersey 08817.

11.     On information and belief, Defendant Sound N Light Animatronics Co. Ltd. is a company organized under the laws of Hong Kong and/or the People's Republic of China, with a principal place of business of 13 f/l, Part A, Peninsula Center, 67 Moody Road, Tsim Sha Tsui East, Kowloon, Hong Kong.

12.     On information and belief, Sound N Light designed, manufactured, and marketed the Infringing Products, and has sold, offered for sale, distributed, and/or shipped the Infringing Products to retailers throughout the United States and in this judicial district.

13.     On information and belief, Cuddle Barn Inc. ("Cuddle Barn") is a corporation organized under the laws of the State of California with a registered address of 2839 Tanager Avenue, Commerce, California 90040, and a principal place of business of 6233 Randolph Street, Commerce, California 90040. On information and belief, Cuddle Barn is an affiliate and United States-based representative of Sound N Light.

## FACTUAL BACKGROUND

14.     For more than a century, Plaintiff's Gund division has created innovative, high quality, and beloved plush products.

15.     Among the products designed and marketed by Plaintiff is its "Peek-A-Boo Bear" product ("Peek-A-Boo Bear"), a seated plush teddy bear holding a blanket (pictured below). The Peek-A-Boo Bear's arms articulate up and down so that the blanket alternately obscures and reveals its face.



16.     Plaintiff's Peek-A-Boo Bear has garnered substantial sales success and popular acclaim. By way of example, the Peek-A-Boo Bear was named one of the 100 Best Children's Products of 2011 by Dr. Toy, a leading expert on toys and children's products.

17.    Since at least 2011, Plaintiff has consistently used the term "Peek-A-Boo Bear" as a trademark and as a designation of origin in association with its products.

18.    On April 24, 2012, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D658,241, entitled "Toy With Multiple Positions" (the "D241 Patent"). Plaintiff is the owner by assignment of all right, title, and interest in the D241 Patent. A true and correct copy of the D241 Patent is attached hereto as Exhibit A.

19.    Plaintiff has provided Defendant and the public with constructive notice of its rights in the D241 Patent pursuant to 35 U.S.C. § 287.

20.    On information and belief, Wal-Mart Stores, Inc. ("Walmart") is the world's largest retailer, and is among the largest retailers of toys and children's products in the United States.

21.    Walmart sells and offers for sale toys and children's products under its "Kid Connection" house brand.

22.    Sound N Light is a developer and manufacturer of plush toys, with facilities located in China. On information and belief, Defendant Sound N Light sources plush toys for various retailers and brands in the United States, including for Walmart's "Kid Connection" house brand.

23.    The Infringing Products that Defendant designed, manufactured, and sold to Walmart consist of a line of seated plush bears holding a blanket, with articulating arms that raise and lower the blanket to alternately obscure and reveal the bears' faces.

24.    On information and belief, Walmart has sold and offered for sale the Infringing Products manufactured by Sound N Light under the product name "Kids Connection Peekaboo Blanket Bear" (SKU nos. 003405400932 and 003405400032) (pictured below and in Exhibit B):



25.     Defendant began using the trademark "Peekaboo Blanket Bear" in association with the sale and marketing of the Infringing Products long after Plaintiff adopted its Peek-A-Boo Bear trademark.

26.     On information and belief, Walmart has sold the Infringing Products at its various retail stores and online at Walmart.com.

27.     On information and belief, Walmart has sold the Infringing Products for approximately $15.00 each.

28.     The Walmart.com website includes a "marketplace" function, whereby third party retailers may sell and offer for sale their products to consumers. On information and belief, Walmart receives a commission from third party retailers on sales made through Walmart.com.

29.     Third party retailer Hobby Warehouse has sold and offered for sale Plaintiff's genuine Peek-A-Boo Bear product via the Walmart.com marketplace. A printout of third party Hobby Warehouse's Walmart.com marketplace listing for Plaintiff's Peek-A-Boo Bear product is attached as Exhibit C.

30.     Defendant's development, manufacture, distribution, promotion, advertising, marketing, sale, and offering for sale of the Infringing Products infringes upon Plaintiff's valuable intellectual property rights, including Plaintiff's exclusive rights in the D241 Patent.

5

31.     On information and belief, Defendant's affiliate Cuddle Barn imports, warehouses, markets, promotes, and distributes Sound N Light products in the United States. By way of example and without limitation, Cuddle Barn's activities for Defendant include promoting Sound N Light products at United States-based trade shows.

32.     On information and belief, Sound N Light products distributed by Cuddle Barn in the United States are labeled with tags identifying Cuddle Barn.

33.     On December 23, 2014, Plaintiff's counsel sent a letter to the office of Walmart's president, notifying Walmart of Plaintiff's valuable and exclusive rights in the D241 Patent, and alerting Walmart that the sale, distribution, and promotion of the Infringing Products constitutes patent and trademark infringement. Plaintiff's letter further requested that Walmart confirm that it would agree to cease its manufacture, distribution, promotion, display, sale, and offering for sale of the Infringing Products no later than January 8, 2015. See Exhibit D. On February 26, 2015, counsel for Defendant replied to Plaintiff's December 23 letter by rejecting Plaintiff's assertion of its patent and trademark rights in the Peek-A-Boo and declaring Sound N Light's intention to continue manufacturing, distributing, promoting, displaying, selling, and offering for sale the Infringing Products without regard to Plaintiff's rights.

34.     On information and belief, Ms. Emily Ting is the president of Cuddle Barn. After Defendant received Plaintiff's letter of December 23, 2014, Ms. Ting, as a representative of Sound N Light, contacted Gund's president by telephone in an effort to negotiate a resolution on Sound N Light's behalf.

35.     Consumers that encounter both the Plaintiff's genuine Peek-A-Boo Bear and the Infringing Products are likely to discern a substantial similarity between the Peek-A-Boo Bear and the Defendant's Infringing Products.

6

36.     Consumers encountering both the Plaintiff's genuine Peek-A-Boo Bear and the Infringing Products are likely to be confused as to the source, sponsorship, and/or affiliation of the Infringing Products, and to mistakenly presume an association between the Peek-A-Boo Bear and the Infringing Products.

37.     Defendant's acts have caused and continue to cause Plaintiff to suffer irreparable injury to its business. Plaintiff has suffered and will continue to suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from its infringement as set forth herein.

## COUNT I

### Patent Infringement in Violation of 35 U.S.C. § 271

38.     Plaintiff repeats and realleges paragraphs 1 through 37 of its Complaint as if fully set forth herein.

39.     Defendant continues to knowingly, intentionally, and willfully infringe the D241 Patent by manufacturing, distributing, promoting, displaying, selling, offering for sale, and/or importing the Infringing Products, which have a design covered by the claim of the D241 Patent.

40.     Defendant's acts of infringement of the D241 Patent were undertaken without permission or license from Plaintiff. Defendant had and continues to have actual and constructive notice of the D241 Patent and Plaintiff's rights therein, and their actions constitute willful and intentional infringement of the D241 Patent. Defendant infringed the D241 Patent with reckless disregard of Plaintiff's rights therein. Defendant knew or should have known that its actions constituted infringement of the D241 Patent.

41.     As a direct and proximate result of their infringement of the D241 Patent, Defendant has and continues to derive and receive gains, profits, and advantages in an amount not presently known to Plaintiff, but at least $500,000.

42.     Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

43.     Pursuant to 35 U.S.C. § 289, Plaintiff is entitled to Defendant's total profits from the sale of the Infringing Products.

44.     Pursuant to 35 U.S.C. § 285, Plaintiff is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

45.     Due to Defendant's infringing acts, Plaintiff has suffered significant and irreparable injury for which Plaintiff has no adequate remedy at law.

46.     Unless enjoined by this Court, the Defendant's infringement of Plaintiff's D241 Patent is certain to continue unabated, causing further irreparable injury to Plaintiff.

## **COUNT II**

## **Trademark Infringement in Violation of 15 U.S.C. § 1125(a)**

47.     Plaintiff repeats and realleges paragraphs 1 through 46 of its Complaint as if fully set forth herein.

48.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) provides in relevant part that:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof … likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person … shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

49.     Defendant's manufacturing, marketing, distribution, advertising, offering for sale, and sale of the Infringing Products under the mark "Peekaboo Blanket Bear"—a trademark virtually identical to Plaintiff's long used and earlier adopted "Peek-A-Boo Bear" trademark—is likely to cause confusion, mistake, or deception among members of the purchasing public and the trade as to the true source, origin, or sponsorship of Defendant's Infringing Products.

50.     The Infringing Products are sold in identical channels of trade at similar (and similarly inexpensive) price points as the Plaintiff's genuine Peek-A-Boo Bear products.

51.     Accordingly, Defendant has engaged in trademark infringement in violation of 15 U.S.C. § 1125(a).

52.     Defendant's unauthorized use of the "Peek-A-Boo Bear" trademark has resulted in Defendant unfairly and illegally benefitting from Plaintiff's goodwill. This has caused substantial and irreparable injury to the public, the Plaintiff, and the goodwill in the Plaintiff's long established "Peek-A-Boo Bear" Mark.

53.     Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff.

54.     Plaintiff has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined, but at least $500,000.

### COUNT III

### False Designation of Origin in Violation of 15 U.S.C. § 1125(a)

55.     Plaintiff repeats and realleges paragraphs 1 through 54 of its Complaint as if fully set forth herein.

56.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) provides in relevant part that:

Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce … any false designation of origin … likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

57.     By making unauthorized use, in interstate commerce, of Plaintiff's "Peek-A-Boo Bear" trademark, Defendant has used a "false designation of origin" that is likely to cause confusion, mistake, or deception as to the affiliation or connection of the Defendant to Plaintiff, and as to the origin, sponsorship, association, or approval of the Defendant's Infringing Products to Plaintiff, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58.     Defendant's wrongful acts will continue unless and until enjoined by this Court.

59.     Defendant's acts have caused and will continue to cause irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus damaged in an amount yet to be determined, but at least $500,000.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Enesco, LLC prays for entry of:

1)     A **FINAL JUDGMENT** that:

    (a)     Defendant willfully infringed Plaintiff's D241 Patent in violation of 35 U.S.C. § 271;

    (b)     Defendant infringed Plaintiff's "Peek-A-Boo" trademark in violation of 15 U.S.C § 1125(a); and

    (c)     Defendant used a false designation of origin in violation of 15 U.S.C. § 1125(a).

2)     An **ORDER** enjoining Defendant and its officers, directors, agents, servants,

employees, affiliates, members, parents, subsidiaries, and all those acting in concert or participation therewith, preliminarily during the pendency of this action, and permanently thereafter, from:

      (a)    infringing the D241 Patent; and

      (b)    infringing the "Peek-A-Boo" trademark.

3)    A further **ORDER**

      (a)    requiring Defendant to account for all gains, profits, and advantages derived and accrued as a result of their infringement of the D241 Patent;

      (b)    assessing to Plaintiff an award of its actual damages, trebled, as well as all profits Defendant has derived from infringing the D241 Patent;

      (c)    assessing to Plaintiff an award of Defendant's profits and Plaintiff's damages resulting from Defendant's infringement of the "Peek-A-Boo Bear" trademark;

      (d)    awarding to Plaintiff its attorneys' fees, expenses, and costs incurred in connection with this action as provided by 35 U.S.C. § 285;

      (e)    awarding to Plaintiff its costs as provided by 15 U.S.C. §1117;

      (f)    awarding to Plaintiff pre- and post-judgment interest and costs of this action against Defendant; and

      (g)    assessing such other and further relief as the Court may deem just and proper.

Dated: August 27, 2015                **GOTTLIEB, RACKMAN & REISMAN, P.C.**


                                  By:

                                       George Gottlieb, Esq.
                                       ggottlieb@grr.com
                                       Marc P. Misthal, Esq.
                                       mmisthal@grr.com
                                       Jonathan A. Malki, Esq.
                                       jmalki@grr.com
                                       270 Madison Avenue
                                       New York, New York 10016
                                       (212) 684-3900 (tel)
                                       (212) 684-3999 (fax)

                                       *Attorneys for Plaintiff Enesco, LLC.*

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Enesco demands a trial by jury on all facts so triable.

Dated: August 27, 2015        **GOTTLIEB, RACKMAN & REISMAN, P.C.**

By:

George Gottlieb, Esq.
ggottlieb@grr.com
Marc P. Misthal, Esq.
mmisthal@grr.com
Jonathan A. Malki, Esq.
jmalki@grr.com
270 Madison Avenue
New York, New York 10016
(212) 684-3900 (tel)
(212) 684-3999 (fax)

*Attorneys for Plaintiff Enesco, LLC*

# EXHIBIT A

US00D658241S

(12) **United States Design Patent**

Ahrendsen

(10) Patent No.: **US D658,241 S**

(45) Date of Patent: ✳✳ **Apr. 24, 2012**

(54) **TOY WITH MULTIPLE POSITIONS**

(75) Inventor: **Brooke Ahrendsen**, Montclair, NJ (US)

(73) Assignee: **Enesco LLC**, Itasca, IL (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/385,300**

(22) Filed: **Feb. 11, 2011**

(51) **LOC (9) Cl.** .................................................. **21-01**

(52) **U.S. Cl.** ..................................... **D21/658**; D21/605

(58) **Field of Classification Search** ................. D21/576,
D21/585, 587–588, 590, 595, 604–605, 658;
446/71–73, 97–98, 269, 368–369
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| D171,611 S | * | 3/1954 | Moyer | ...................... | D21/577 |
| D373,158 S | * | 8/1996 | Dixon | ...................... | D21/605 |
| D415,540 S | * | 10/1999 | Sant | ...................... | D21/605 |
| D478,363 S | * | 8/2003 | Steele-Kurtin et al. | ...... | D21/604 |
| D534,224 S | * | 12/2006 | Sutton | ........................ | D21/604 |
| D560,731 S | * | 1/2008 | Magener | ...................... | D21/605 |

* cited by examiner

*Primary Examiner* — Sandra Morris

(74) *Attorney, Agent, or Firm* — Gottlieb, Rackman & Reisman, P.C.

(57) **CLAIM**

The ornamental design for a toy with multiple positions, as shown and described.

**DESCRIPTION**

FIG. **1** is a front elevational view of the toy with multiple positions and with a blanket in its initial lower position, showing my new design;

FIG. **2** is a top plan view thereof;

FIG. **3** is a right side elevational view thereof, the left side elevational view being a mirror image;

FIG. **4** is a rear elevational view thereof;

FIG. **5** is a bottom plan view thereof;

FIG. **6** is a front elevational view of the toy with a blanket raised to its intermediate position; and,

FIG. **7** is a front elevational view of the toy with a blanket raised to its upper position.

The broken lines in FIGS. **1-7** showing a head of the bear is for illustrative purpose only and form no part of the claimed design.

**1 Claim, 5 Drawing Sheets**



Case 1:15-cv-06797-TPG   Document 6   Filed 08/28/15   Page 16 of 33



*FIG. 1*

Case 1:15-cv-06797-TPG   Document 6   Filed 08/28/15   Page 17 of 33



*FIG. 2*

Case 1:15-cv-06797-TPG   Document 6   Filed 08/28/15   Page 18 of 33



FIG. 3

FIG. 4



FIG. 5

Case 1:15-cv-06797-TPG   Document 6   Filed 08/28/15   Page 20 of 33



FIG. 7

FIG. 6

# EXHIBIT B



# **EXHIBIT C**



Gift Cards | Registry | Lists | Weekly Ads | Store Finder | Track Order | Savings Catcher | Help

All | Search

Hello. Sign In
My Account
1

All Departments | My Local Store | Tips & Ideas | Value of the Day | Trending | Hop into huge Easter savings!

© 2015 Saputo Cheese USA Inc. Frigo® Cheese Heads Superstring® with EXTRA Vitamins A & D! Learn More

Seasonal > Marketplace

# Peek-A-Boo Bear - 11.5" by Gund - 320193

Q&A

$30.00 Reduced Price

Was: ~~$36.00~~ (You save $6.0)

FREE shipping

Quantity: 1 | Add to cart

Add to registry | Add to list

Sold by **Hobby Warehouse** | Return policy

Learn about Marketplace Retailers

Shipping — See delivery options

FREE pickup — Not available

Peek-A-Boo Bear - 11.5" by Gund - 320193

More about this item...

Explore and shop Walmart Sustainability Leaders Learn More

About this item | Customer Q&A | Item recommendations | Policies

Advertisement

## About this item

Every baby loves a classic game of peek-a-boo and this plush bear makes the game even more fun. Cute and cuddly, press the foot of this bear and watch as he moves his arms up and down pulling his soft blanket over his eyes to play a round of peek-a-boo with baby. Sure to bring about a big smile and a fit of giggles in every child. He speaks an intro and there are 4 random phrases Requires 3AA batteries (included). Perfect for play or d?cor. Great gift for any occasion! Ideal for ages birth to 12 months old.

### Specifications

| | |
|---|---|
| Shipping Weight (in pounds): | **1.0** |
| Assembled in Country of Origin: | **USA and/or Imported** |
| Origin of Components: | **USA and/or Imported** |

Advertisement

# EXHIBIT D

GOTTLIEB, RACKMAN & REISMAN, P.C.

COUNSELORS AT LAW

PATENTS · TRADEMARKS · COPYRIGHTS · INTELLECTUAL PROPERTY

270 MADISON AVENUE
NEW YORK, N.Y. 10016-0601
PHONE: (212) 684-3900 · FACSIMILE: (212) 684-3999
WEB: http://www.grr.com · E-MAIL: info@grr.com

DAVID S. KASHMAN
ALLEN I. RUBENSTEIN
JEFFREY M. KADEN
TIBERIU WEISZ
MARIA A. SAVIO
MARC P. MISTHAL
BARRY R. LEWIN
MITCHELL S. FELLER

COUNSEL
DIANA MULLER*

*MEMBER OF THE BAR
OF ARGENTINA ONLY

DONNA L. MIRMAN
BARBARA H. LOEWENTHAL
ARIEL S. PEIKES
JONATHAN M. PUROW
JASON R. WACHTER

PATENT AGENT
ZOYA V. CHERNINA

OF COUNSEL
GEORGE GOTTLIEB
JAMES REISMAN

December 23, 2014

**VIA FEDERAL EXPRESS**
President
Wal-Mart Stores, Inc.
702 Southwest 8th Street
Bentonville, AR 72716

Re:   **Design Patent Infringement – Enesco, LLC**

Dear Sir and/or Madam:

Our firm represents Enesco, LLC of Itasca, Illinois with respect to the protection of Enesco's copyrights and related federally protected design interests. Gund, a division of Enesco, is an extremely well-known designer and marketer of stuffed plush toys, and sells its products throughout the world.

Our client is the exclusive owner of United States Patent No. D658,241 granted on April 24, 2012, entitled "Toy With Multiple Positions," copy enclosed. The design disclosed in this patent is used by our client in its "Peek-A-Boo Bear" product, which was named one of the 100 Best Children's Products of 2011 by Dr. Toy. Our client's product has been sold under the PEEK-A-BOO BEAR name since its introduction. Images of our client's product appear below.



President
Wal-Mart Stores, Inc.
December 23, 2014
Page 2

As you can see, the form of Gund's "Peek-A-Boo Bear" product is essentially a seated plush animal holding a blanket. The animal's arms move up and down so that the blanket it is holding hides and reveals the animal's face. Moreover, the Gund product is always marked with the above patent number.

Our client has brought to our attention certain items being sold under your company's "Kid Connection" brand, namely SKU Nos. 003405400932 and 003405400032, which are being distributed, marketed and sold by your company. A photograph of these items appears below.



A review of your company's product reveals that it embodies the design disclosed in Patent No. D658,241. Like Gund's "Peek-A-Boo Bear" product, your company's product consists of a plush animal holding a blanket. Moreover, these items are being sold under the name "Peekaboo Blanket Bear"

This is to notify you that, in our opinion, your company's distribution and sale of this product infringes the claims of our client's valuable patent under the Patent Act, 35 U.S.C. §271 et seq. This is also to notify you that your company's distribution and sale of this product under the name "Peekaboo Blanket Bear" is likely to cause confusion, mistake and/or deception among the consuming public. Accordingly, such activities constitute trademark infringement and false designation of origin, as well as violate our clients' trade dress rights. Such activities are prohibited by the Federal Trademark Act, 15 U.S.C. § 1051 et seq.

Accordingly, we call upon your company to forthwith cease and desist from any act of patent infringement, trademark infringement and unfair competition. Specifically, on behalf of our client, we demand that your company:

President
Wal-Mart Stores, Inc.
December 23, 2014
Page 3

1)   immediately stop the promotion, display, distribution, offering for sale, sale and/or manufacture of the infringing products;

2)   forward to us the name and address of the supplier/vendor of the infringing item as well as documentation reflecting the manufacture, importation and sales of the infringing item to date;

3)   indicate to us the remaining quantity of infringing product currently in inventory under your company's control; and

4)   provide an accounting to us for all sales of these products made to date, and agree to compensate out client accordingly.

Your company's continued activities are causing injury to our client's sales and reputation for exclusivity of products.  We therefore request that you or your attorney inform us by not later than **5:00 P.M. E.D.T. on January 8, 2015**, that your company will comply with the above demands.

This letter constitutes notice of Enesco's rights and is written without waiver of any rights and remedies that Enesco may assert to protect its intellectual property.

Very truly yours,

GOTTLIEB, RACKMAN & REISMAN, P.C.

Marc P. Misthal

MPM
Enclosures
cc:   Enesco, LLC (w/encls.)
      George Gottlieb, Esq.



US00D658241S

(12) **United States Design Patent**
Ahrendsen

(10) Patent No.: **US D658,241 S**

(45) Date of Patent: ** **Apr. 24, 2012**

(54) **TOY WITH MULTIPLE POSITIONS**

(75) Inventor: **Brooke Ahrendsen**, Montclair, NJ (US)

(73) Assignee: **Enesco LLC**, Itasca, IL (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/385,300**

(22) Filed: **Feb. 11, 2011**

(51) LOC (9) Cl. ................................................ **21-01**

(52) U.S. Cl. ........................................ **D21/658**; D21/605

(58) Field of Classification Search ................. D21/576,
D21/585, 587–588, 590, 595, 604–605, 658;
446/71–73, 97–98, 269, 368–369
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D171,611 S | * | 3/1954 | Moyer | D21/577 |
| D373,158 S | * | 8/1996 | Dixon | D21/605 |
| D415,540 S | * | 10/1999 | Sant | D21/605 |
| D478,363 S | * | 8/2003 | Steele-Kutin et al. | D21/604 |
| D534,224 S | * | 12/2006 | Sutton | D21/604 |
| D560,731 S | * | 1/2008 | Magener | D21/605 |

* cited by examiner

*Primary Examiner* — Sandra Morris

(74) *Attorney, Agent, or Firm* — Gottlieb, Rackman & Reisman, P.C.

(57) **CLAIM**

The ornamental design for a toy with multiple positions, as shown and described.

**DESCRIPTION**

FIG. **1** is a front elevational view of the toy with multiple positions and with a blanket in its initial lower position, showing my new design;

FIG. **2** is a top plan view thereof;

FIG. **3** is a right side elevational view thereof, the left side elevational view being a mirror image;

FIG. **4** is a rear elevational view thereof;

FIG. **5** is a bottom plan view thereof;

FIG. **6** is a front elevational view of the toy with a blanket raised to its intermediate position; and,

FIG. **7** is a front elevational view of the toy with a blanket raised to its upper position.

The broken lines in FIGS. **1-7** showing a head of the bear is for illustrative purpose only and form no part of the claimed design.

**1 Claim, 5 Drawing Sheets**



**U.S. Patent**         Apr. 24, 2012         Sheet 1 of 5                **US D658,241 S**



*FIG. 1*



*FIG. 2*

Case 1:15-cv-06797-TPG   Document 6   Filed 08/28/15   Page 31 of 33



FIG. 4

FIG. 3



*FIG. 5*

Case 1:15-cv-06797-TPG   Document 6   Filed 08/28/15   Page 33 of 33



FIG. 6

FIG. 7